**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KOMATSU AMERICA CORP. &
KABUSHIKI KAISHA KOMATSU
SEISAKUSHO,

     Plaintiffs,

v.                              Case No: 8:21-cv-2512-KKM-TGW

FRANK EUSEBIO, BRYJUS
ENTERPRISES LLC &
KOMATSUPART, LLC,

     Defendant.

_____

## ORDER

Plaintiffs move for default judgment against all defendants, (Doc. 30), and against Defendant Frank Eusebio, (Doc. 45). The Magistrate Judge recommended that the Court grant the motion. (Doc. 46.)

The fourteen-day deadline for objections to the recommendation has passed. No one objected. Nevertheless, the Court reviews the Magistrate Judge's legal conclusions *de novo. See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019) (Steele, J.). After review, the Court concludes that default judgment against all defendants is appropriate for the reasons the Magistrate Judge stated. (Doc. 46.)

Accordingly, the following is **ORDERED:**

1.    The Magistrate Judge's Report and Recommendation, (Doc. 46), is **ADOPTED** and made a part of this Order for all purposes.

2.    The Court **ENTERS A PERMANENT INJUNCTION** enjoining the defendants, their owners, parent companies, subsidiary companies, related companies, successors, assigns, officers, directors, agents, employees, attorneys, and all persons or entities in active concert, participation, or privity with any of the defendants from:

    a.    Using the plaintiffs' KOMATSU marks, including all formative variations, or any other names, marks, slogans that are likely to cause confusion, mistake or deception with Komatsu's marks;

    b.    Engaging in any other act causing or likely to induce the mistaken belief that the defendants or the defendants' products are in any way affiliated, connected, or associated with the plaintiffs or their goods and services, or actions likely to cause confusion with the plaintiffs' marks;

    c.    Trading on the goodwill associated with the plaintiffs' KOMATSU marks and passing off their services as those of, or authorized or approved by the plaintiffs;

    d.  Injuring the plaintiffs' business reputations and the goodwill associated with the plaintiffs in any manner whatsoever; and

    e.  Marketing, rendering, selling or transporting any goods or services that bear the plaintiffs' KOMATSU marks, or any images, symbols, or trademarks confusingly similar to the marks, including but not limited to displaying promotional and marketing material on outlets such as websites, social media platforms, and other sources available over the internet.

3.    Defendants must deliver for destruction to the plaintiff all materials, including but not limited to, labels, packaging, brochures, advertisements, literature, promotions, displays, catalogs, and all other matter in the custody or under control of the defendants bearing and/or displaying the plaintiffs' KOMATSU marks or any confusingly similar packaging or marks.

4.    The Clerk is directed to **ENTER** judgment in Plaintiff's favor and against Defendants.

5.    The Clerk is directed to **TERMINATE** any pending motions or deadlines and to **CLOSE** this case.

**ORDERED** at Tampa, Florida, on August 15, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**

3

**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Defendant, pro se